SUMMARY ORDER
Appellants, all of whom are, or were, directors or officers of the now-bankrupt brokerage firm Refco, Inc., appeal from an order of the District Court dated March 2, 2009, granting summary judgment to defendants-appellees Arch Insurance Company and Allied World Assurance Company (U.S.), Inc. (“Allied World”) (together, “defendants”). Defendants were, at all times relevant, the providers of appellants’ excess director and officer liability insurance policies. The District Court granted summary judgment to defendants upon finding that (1) the excess policies’ prior knowledge exclusions precluded coverage where any insured had knowledge of facts that might give rise to a claim and (2) the claims for which appellants sought coverage all arose from facts that were known by at least one insured at the time the policies were entered into. XL Specialty Ins. Co. v. Agoglia, Nos. 08 Civ. 3821, 08 Civ. 4196, 08 Civ. 5252, 2009 WL 1227485, at *8-9, *13 (S.D.N.Y. Apr.30, 2009).[1] We assume the parties’ familiarity with the remaining factual and procedural history of the case.
We find no error in the District Court’s comprehensive and well-reasoned analysis. First, we agree with the District Court that “[i]n the context of the [prior knowledge exclusions], the words ‘any insured’ unambiguously preclude coverage for innocent co-insureds.” Id. at *13. Moreover, because that language in the excess policies cannot be reconciled with the sever-ability provision of the underlying policy, the language in the excess policies controls. See id. (citing Home Ins. Co. v. Am. Home Prods. Corp., 902 F.2d 1111, 1113 (2d Cir.1990)).
*195 We further agree that the prior knowledge exclusions’ “arising out of’ requirement was satisfied. All of the claims for which appellants sought coverage “arose from the fraudulent concealment of the Refco Receivable” scheme that one of the directors was aware of. Id. at *9 (explaining that “New York courts have given the phrase ‘arising out of a ‘broad’ interpretation, defining it as ‘originating from, incident to, or having connection with’ ” (quoting Maroney v. N.Y. Cent. Mut. Fire Ins. Co., 5 N.Y.3d 467, 472, 805 N.Y.S.2d 533, 839 N.E.2d 886 (2005))).
Finally, we reject appellants’ argument that defendant Allied World is precluded from relying on the prior knowledge exclusion because the language of that exclusion was not part of the “policy binder” that provided the terms of coverage before the final policy issued. We agree with the District Court that the binder’s inclusion of an “Inverted Warranty Endorsement as of Inception” was the equivalent of a prior knowledge exclusion and would have been understood as such by the parties. See id. at *14-15.
CONCLUSION
We have considered all of appellants’ arguments and find them to be without merit. For the foregoing reasons, the order of the District Court is AFFIRMED.

. The District Court's Opinion and Order was originally entered on March 2, 2009, but reentered on April 30, 2009 to correct a scanning error.